IN THE MATTER OF ROBERT R. DALY, AN ATTORNEY-AT-LAW.

Argued September 9, 1962 and December 18, 1962—Decided January 21, 1963.

*Mr. Frederick C. Vonhof,* for the order.

*Mr. Robert R. Daly, pro se.*

The opinion of the court was delivered

PER CURIAM. Respondent was convicted of embezzlement in the Somerset County Court on December 29, 1961. This court affirmed the conviction. *State v. Daly,* 38 *N. J.* 1 (1962). The Essex County Ethics Committee filed a disciplinary presentment against him based on the conviction.

On October 17, 1962 the Ethics Committee submitted a second presentment against Daly predicated upon a finding of additional unprofessional conduct. The Committee found that in obtaining possession of $5,000 from a client and in using it for his own benefit, he took advantage of the client and violated the confidence she had imposed in him by virtue of the attorney and client relationship.

In November 1960 Daly delivered his check for $5,000 to the client, knowing it to be worthless. The Committee found his explanation for giving the check unworthy of belief, and representative of unethical and unprofessional action.

The presentment also declared that Daly had wilfully failed to fulfill his professional obligation to his client in connection with a settlement arrangement made with her for the adjustment of their financial controversy. As the result of the agreement, Daly received his client's check for $3,000 which was to represent his fee in various matters he had handled for her. Delivery of the $3,000 check had been made dependent upon the payment of two $2,500 checks of third persons which Daly turned over to his client. As a result of some mistake (not chargeable to Daly), information was given to the client's new attorney that the two checks had cleared. When this inaccurate advice resulted in delivery of the $3,000 check to Daly, he cashed it immediately. Later in the same

day he became aware that the two $2,500 checks would not be paid; payment on one had been stopped; the other was worthless. On learning of the mistake which had brought about the delivery of his client's $3,000 check to him, he not only made no effort or offer to return the money to his client, but he refused to return it.

Examination of the record on all three aspects of the presentment has led us to the conclusion that the evidence amply supported the Committee's finding of unprofessional conduct.

The total circumstances revealed by the two presentments have satisfied us that Daly is no longer worthy to bear our endorsement as a member of the bar. That conclusion leaves no alternative but disbarment. Accordingly, his name is stricken from the roll.

*For disbarment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7